[Cite as *State v. Holsey*, 2022-Ohio-941.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 110109 and 110244 |
| v. | : | |
| ROBERT B. HOLSEY, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-645352-A and CR-20-649985-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Robert B. Holsey ("Holsey") appeals his sentence and the constitutionality of the Reagan Tokes Act ("Reagan Tokes").

Holsey asks this court to remand to the trial court for resentencing and hold Reagan Tokes unconstitutional. We affirm Holsey's sentence and further hold Reagan Tokes is constitutional.

{¶ 2} Holsey pleaded guilty in Cuyahoga C.P. Nos. CR-20-645352 and CR-20-649985. In the first case, Holsey pleaded guilty to one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(2). In the second case, Holsey pleaded guilty to sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(1). The trial court sentenced Holsey to six to nine years' imprisonment for rape, pursuant to the Reagan Tokes Act, and he has to register as a Tier III sex offender. He will also serve the mandatory five years of postrelease control upon his release from prison. Holsey was sentenced to five years' imprisonment for sexual battery, to be served concurrently to his sentence for rape.

## I. Facts and Procedural History

{¶ 3} During Holsey's sentencing hearing, after the trial court sentenced Holsey under the Reagan Tokes Act, Holsey's trial counsel stated, "We want to appeal the Reagan Tokes part." (Tr. 37.) The trial court responded, "The Cuyahoga County Public Defender's Office will be appointed to permit the defendant to appeal the Reagan Tokes' aspects of the case." *Id.*

{¶ 4} Holsey did not make a particular objection to the sentencing or make a specific constitutional challenge to the Reagan Tokes Act. Additionally, the trial

court did not issue a ruling on the constitutionality of the Reagan Tokes Act sentence.

{¶ 5} Holsey filed this appeal and assigns one error for our review:

I.    As amended by the Reagan Tokes Act, the Revised Code's sentence for first- and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio.

## II.    The Constitutionality of the Reagan Tokes Act

{¶ 6} In Holsey's sole assignment of error, he argues that the Reagan Tokes Act is unconstitutional because it violates the separation-of-powers doctrine and his due process rights.

{¶ 7} We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Holsey advanced against the constitutional validity of the Reagan Tokes Act have been overruled. *See id.* at ¶ 17-54. Holsey does not advance any novel argument left unaddressed by the *Delvallie* decision. As a result, Holsey's arguments claiming that his sentence imposed under the Reagan Tokes Act is void based on the same arguments presented in *Delvallie*, are overruled.

{¶ 8} Therefore, Holsey's sole assignment of error is overruled because the Reagan Tokes Act is constitutional.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR


N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).